IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN DAVIS                                                                    PLAINTIFF

V.                                                              CASE NO. 3:13-CV-00886-DCB-MTP

CITY OF VICKSBURG, MISSISSIPPI, et al.                                        DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for preliminary screening of the Plaintiff's *pro se* and *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). After careful consideration of the Plaintiff's allegations, the undersigned recommends that this matter be dismissed with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Chakakhan Davis filed her Complaint [1] on June 25, 2013, naming the City of Vicksburg, Mississippi; Warren County Circuit Court, Mississippi; Warren County, Mississippi; and Issadore W. Patrick, Jr., individually. She also filed a Motion for Leave to Proceed *in forma pauperis* [2]. On October 25, 2013, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered her to file an amended complaint to include the facts and circumstances supporting the claims asserted against each Defendant.[1] With respect to Defendant Judge Patrick, Plaintiff was directed to amend the Complaint to include facts and circumstances that could overcome judicial immunity.[2] Plaintiff filed her Motion to Amend Original Complaint [5] on November 8, 2013. The

---

[1] *See* Order [4].

[2] *Id.* In *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986), the United States Court of Appeals for the Fifth Circuit noted that "[o]rdinarily, when a complaint does not establish a cause of action in a case raising the issue of immunity, a district court should provide the plaintiff an opportunity to satisfy the heightened pleading requirement." Furthermore, a plaintiff

1

Court granted the Motion, and Davis filed her First Amended Complaint [7] on March 26, 2014. Davis alleges that she was a plaintiff in a civil matter ("the Warren County case") involving injuries she received during an incident at Office Max. The Warren County Case was filed in the Circuit Court of Warren County, with Judge Issadore W. Patrick, Jr. presiding. The instant case arose out of proceedings which transpired during the pendency of the Warren County Case.

According to Davis, her causes of action arise under the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et. seq.[3] Her specific counts include "sexually hostile and brutal court decorum,"[4] retaliation, and intentional infliction of emotional distress. She claims she is entitled to damages for

---

should be afforded an opportunity to allege her "best case." *See Baxrowz v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "While a precise definition of a plaintiff's 'best case' is elusive . . . court[s] often assume[] a plaintiff asserts [her] best case after the plaintiff is 'apprised of the insufficiency' of the complaint." *See Dark v. Potter*, 293 Fed. App'x. 254, 257 (5th Cir. 2008) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) ("[T]he plaintiffs in this case have been apprised of the insufficiency of their conclusory allegations against [defendant] and have been afforded an opportunity to plead facts that would overcome . . . immunity. We can assume, therefore, that the specific allegations of the amended complaint constitute the plaintiffs' best case . . . .")). In this case, Plaintiff was apprised that her claims against Defendant Judge Patrick were likely barred by judicial immunity, and that she had failed to allege any specific acts of wrongdoing against the other Defendants. *See* Order [4]. She was afforded an opportunity to amend her complaint to include facts and circumstances that would overcome these deficiencies. *Id.* Plaintiff later filed her Amended Complaint [7]. However, despite the Plaintiff's amended pleadings, the undersigned nonetheless recommends that this matter should be dismissed pursuant to 28 U.S.C. § 1915(e) for the reasons set forth herein.

[3]*See* First Amended Complaint [7] at ¶8, 22, 23, 28, 30, 35. Title VI prevents discrimination on the basis of race, color, or national origin by government agencies that receive federal funds. Plaintiff alleges that Defendants City of Vicksburg, Warren County, and Warren County Circuit Court received and used federal funding in the administration of its programs and activities. *Id.* at ¶6.

[4]Davis includes a count titled "Quid Pro Quo Sexual Harassment/Sexually Hostile and Brutal Court Decorum" and a separate count titled "Attempted Sexual Blackmail/Sexually Hostile and Brutal Court Decorum." (First Amended Complaint [7]).

2

injuries, including, *inter alia,* "grave sexy disharmony."⁵ She also seeks punitive damages.

According to the First Amended Complaint [7], Defendant Judge Patrick made "flirtatious unwelcome sexual advances" during "hearings in general." As to specific facts, the Plaintiff claims that in the Warren County case, the Judge: (1) required Davis to walk farther than other litigants to the microphone for the purpose of viewing her figure during a hearing on February 2, 2012; and (2) moved his tongue in a manner she considered to be sexually suggestive at a separate hearing on April 5, 2012. She also claims that he stared at her body and licked his lips on May 9, 2012, when she was in his court administrator's office to inquire about the location of her deposition.⁶ Finally, she claims that:

> [The Judge] made comments that he was the sensors that picked up [her] body [sic]. He also used intimidating sexual [sic] explicit gestures with body language that if [Davis] had accepted his sexual advances, he would have acted favorably toward [her] deliberately conveying an abuse of legal authority and procedure, as well as retaliated [sic] for not welcoming his sexual advances by making fun of [her] religion and socioeconomic status inflicting harm.⁷

The above-quoted incident is somewhat clarified by an attachment to the Plaintiff's First Amended Complaint [7], in which she states the Judge's actions were precipitated by his being informed of opposing counsel's alleged "discovery abuses to incriminate witnesses to hold false criminal charges" [sic] against her.⁸ Considering the attachment and pleading together, these latter allegations occurred in court when the Judge was hearing a matter or matters, which turned out unfavorably for Davis. She alleges that Judge Patrick "specifically retaliated against [her] by denying her access to

---

⁵Complaint [1] at §20

⁶First Amended Complaint [7] at ¶11-16.

⁷First Amended Complaint [7] at ¶16.

⁸Attachment to First Amended Complaint [7].

important rights and services."⁹

Her complaint against the other three Defendants is limited to their alleged carelessness in training and supervising the Judge.¹⁰ She alleges no specific facts to support these claims, nor has she alleged that any of these Defendants had a duty to train or supervise Judge Patrick in his position as an elected official.

## ANALYSIS

The Court has granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915,¹¹ which imposes a screening responsibility upon the district court:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (b) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claims on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner plaintiff's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)); *Dawson v. Parkland Health and Hosp. Sys.*, No. 3:06cv1660-N, 2006 WL 3342622, at *1 n.1 (N.D. Tex. Nov. 17, 2006) (stating that § 1915(e) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases).

**Plaintiff's Claims Under Title VI**

---

⁹First Amended Complaint [7] at ¶31. The Plaintiff does not provide any facts to support the retaliation claim contained in the First Amended Complaint. Further, the First Amended Complaint is silent regarding which "rights and services" were allegedly denied and does not identify any unfavorable ruling(s).

¹⁰First Amended Complaint [7] at ¶18, 22, 34.

¹¹*See* Order granting [2] Motion for Leave to Proceed *in forma pauperis*.

4

Plaintiff alleges claims of sexual discrimination against the Defendants.[12] Title VI of the Civil Rights Act prohibits discrimination on the basis of race, color or national origin by programs or activities receiving federal financial assistance. 42 U.S.C. § 2000d. It does not bar discrimination on the basis of sex. *See Regents of Univ. Of Cal. v. Bakke*, 428 U.S. 265, 287 (1978)("Title VI must be held to proscribe only those ***racial classifications*** that would violate the Equal Protection Clause or the Fifth Amendment") (emphasis added); *see also Loch v. Board of Edu. of Edwardsville*, Civil Action No. 3:06cv-17-MJR, 2007 WL 1468675, at *4(S.D. Ill. May 18, 2007) (holding that Title VI does not bar sex discrimination); *New York City Jaycees, Inc. v. U.S. Jaycees, Inc.*, 377 F. Supp. 481 (S.D.N.Y. 1974), *rev'd on other grounds* 512 F.2d 856 (same). Thus, Plaintiff's claims of discrimination on the basis of sex may not be brought under Title VI.

There is a bald allegation of race discrimination in ¶25 of the First Amended Complaint [7]. The Plaintiff has provided no facts or allegations in support of this averment, even after being provided leave to amend. Accordingly, this allegation should be dismissed for failure to state a claim, as there are no factual allegations to support it. *Bell Atl. Corp. V. Twombly,* 550 U.S. 544, 555 (2007) (holding that a plaintiff's complaint must provide "enough facts to state a claim to relief that is probable on its face" and must include "more than labels and conclusions, and a formulaic recitation of the elements of cause of action will not do").

**<u>Defendant Warren County Circuit Court, Mississippi</u>**

The First Amended Complaint against the Warren County Circuit Court should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Plaintiff has failed to state a claim upon which relief may be granted because the Defendant is not a legal entity against which relief may be obtained. Plaintiff

---

[12]*See* Amended Complaint [7].

has alleged that this Defendant is a state agency or political subdivision of the State of Mississippi.

In order for liability to attach under Section1983, the named defendant must be a "person" under the meaning of the statute and relevant case law. *McNair v. Mississippi*, 43 F. Supp. 3d 679, 685 (N.D. Miss. Aug. 21, 2014) (citing *Thrasher v. Board of Supervisors of Alcorn Cnty.*, 765 F. Supp. 896, 900 (N.D. Miss. 1991)). It is well settled that a state court is not a "person" within the meaning of Section 1983. *See e.g., Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993), *cert. denied*, 510 U.S. 828 (1993); *Ward v. Morris*, 895 F.Supp. 116, 117 (N.D. Miss. 1995); *Moity v. Louisiana State Bar Ass'n*, 414 F. Supp. 180. 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). For this reason, the claims against the Warren County Circuit Court, Mississippi should be dismissed.

**Defendants City of Vicksburg, Mississippi and Warren County, Mississippi**

Similarly, Defendants the City of Vicksburg, Mississippi and Warren County, Mississippi should be dismissed 28 U.S.C. § 1915(e)(2)(B). Municipal liability under § 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Winding v. Sanders*, 5:12-CV-88 DCB JMR, 2013 WL 838131 (S.D. Miss. Mar. 6, 2013) *(*citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001); *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 694 (1978)). Not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* (citing *Piotrowski,* 237 F.3d at 580). Davis has alleged that the City and County were deliberately indifferent, but she has not named or described any particular policy applicable to the alleged facts.

When an *in forma pauperis* plaintiff has not pointed to any violation resulting from a policy, practice or custom of the state so as to state a failure to train claim, her case should be dismissed at the screening stage as frivolous. *Falade v. United States of America*, 237 Fed. App'x 723, 724 (3d Cir. 2007). The absence of a direct causal link between the acts alleged and any municipal policy or custom is fatal to a failure to train claim in a § 1983 case. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). In this case, Davis failed to allege that the City of Vicksburg and Warren County violated any particular policy, practice or custom. For this reason, her failure to train claims should be dismissed against both of these Defendants.[13]

**Defendant Circuit Court Judge Issadore W. Patrick, Jr.**

Davis has stated several claims against Judge Patrick: a claim for retaliation; two separate claims of sexually hostile court decorum, and a claim for intentional infliction of emotional distress. They are all based on substantially the same set of facts. As alleged, three of four incidents occurred in the courtroom while Judge Patrick was presiding over hearings in the Warren County case. The fourth occurred while the Plaintiff was in Judge Patrick's court administrator's office concerning her deposition in the Warren County case. All the claims should be dismissed as being barred by the doctrine of judicial immunity.[14]

---

[13]There is no allegation that either of these Defendants had a duty to train the Circuit Court Judge with regard to anything, including sexual harassment policies. The court has located no authority imposing a duty upon a city or county to train a circuit court judge. *See* Mississippi Constitution Art. 6 §177A; *see also, Brown v. Paterson*, 10 CIV. 5833 PAC HBP, 2011 WL 7429454 (S.D.N.Y. Dec. 27, 2011) *report and recommendation adopted*, 10 CIV. 5833 PAC HBP, 2012 WL 639151 (S.D.N.Y. Feb. 28, 2012) (county has no duty to train and supervise city judges).

[14]The retaliation claim may also be dismissed on separate grounds. A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. *Elliot v. Perez,* 751 F.2d 1472, 1473 (5th Cir.1985)(Judgment vacated on

It is well established that judges enjoy absolute immunity arising out performance of their judicial duties, regardless of bad faith. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Further, judicial immunity was solidly established at common law and was not abolished by § 1983. *Pierson*, 386 U.S. 553-54. Acts complained of are judicial in nature if they: (1) are normal judicial functions; (2) occurred in the judge's court or chambers; (3) centered around a case pending before a judge; and (4) arose directly and immediately out of a visit to the judge in his judicial capacity. *Brewer v. Blackwell,* 692 F.2d 387, 396–97 (5th Cir.1982)(citations omitted). A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

According to Plaintiff, at the time of the alleged events the Judge was performing a judicial function–conducting hearings and ruling on motions. The hearings took place in his courtroom, arose out of the litigation in the Warren County case, which was pending before him, and arose directly and immediately out of a visit to the judge in his judicial capacity. Therefore, Judge Patrick is immune from any liability arising out of any rulings that may have been made in the case adverse to Davis, or which arose out of the proceedings in the Warren County case.

With regard to the alleged incident in the court administrator's office, Plaintiff was inquiring about the location of her deposition in the case. At the time, the Judge was conducting business in or near a court office. The Plaintiff's allegations regarding this incident are insufficient to overcome

---

other grounds); *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986). This requirement remains firm for claims against individual public officials. *Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995). The plaintiff was ordered to and allowed time to file an amended complaint, for the sole reason of including more specific facts. However, no specific acts of retaliation have been alleged.

8

judicial immunity. Consequently, the undersigned recommends dismissal of this claim pursuant to U.S.C. § 1915(e)(2)(B).

## **RECOMMENDATIONS**

For the reasons set forth above, the undersigned recommends that Plaintiff's Complaint and First Amended Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **NOTICE OF THE RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 27th day of April, 2015.

/s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE