```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

CHAKAKHAN DAVIS                                             PLAINTIFF

VS.                            CIVIL ACTION NO. 3:13-cv-886(DCB)(MTP)

CITY OF VICKSBURG, MISSISSIPPI, ET AL.                     DEFENDANTS

<u>ORDER ADOPTING IN PART AND</u>
<u>MODIFYING IN PART REPORT AND RECOMMENDATION</u>

This cause is before the Court on the plaintiff Chakakhan Davis's Amended Complaint (docket entry 7), and on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 8)**.  Having carefully considered the Amended Complaint, the Report and Recommendation, and the plaintiff's objections thereto (docket entry 12), the Court finds as follows:

Davis filed her Complaint on June 25, 2013, naming the City of Vicksburg, the Warren County Circuit Court, Warren County, Mississippi, and Warren County Circuit Court Judge Issadore W. Patrick, Jr., as defendants.  She also filed a Motion for Leave to Proceed <u>in forma pauperis</u>.  On October 25, 2013, Magistrate Judge Parker granted Davis leave to proceed <u>in forma pauperis</u> and ordered her to file an amended complaint to include the facts and circumstances supporting the claims asserted against each defendant.  With respect to Judge Patrick, the plaintiff was directed to amend her complaint to include facts and circumstances that could overcome judicial immunity.  Davis filed her Amended Complaint on March 26, 2014.

Because Davis was granted leave to proceed in forma pauperis, Title 28 U.S.C. § 1915 imposes a screening responsibility upon the district court:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (b) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Newsome v. EEOC, 301 F.3d 227, 231-33 (5th Cir. 2002)(dismissing non-prisoner plaintiff's in forma pauperis complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)); Dawson v. Parkland Health and Hosp. Sys., 2006 WL 3342622, at *1 n.1 (N.D. Tex. Nov. 17, 2006)(stating that § 1915(e) applies equally to prisoner and non-prisoner in forma pauperis cases).

Davis alleges that she was a plaintiff in a civil matter in the Circuit Court of Warren County ("the Warren County case"), involving injuries she received during an incident at Office Max. Judge Patrick was the presiding judge. The case presently before this Court arises out of proceedings which transpired during the pendency of the Warren County case.

According to Davis's Amended Complaint, her causes of action arise under the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et. seq. Her specific counts

include "unlawful quid pro quo sexual harassment, attempted sexual blackmail, a sexually hostile and brutal court decorum, and retaliation." Amended Complaint, p. 1. She also claims that she is entitled to "compensatory damages, punitive damages, costs and attorneys fees." Id.

According to the Amended Complaint, Judge Patrick, "made numerous flirtatious unwelcome sexual advances" toward the plaintiff during court proceedings (Amended Complaint, ¶ 12); "asked [the plaintiff] to stand repeatedly after being made aware of [the plaintiff's] inability to stand for a long period of time in the morning" (¶ 12); "asked [the plaintiff] to take the mic stand having to walk the greater distance than other litigants as sexual sneak attacks so that he could view [the plaintiff's] shape and or figure" (¶ 13); "engaged in sexual explicit tongue movement gesturing that he wanted to perform oral sex on" the plaintiff (¶ 14); "licked his lips flirtatiously" while staring at the plaintiff's "breast, vaginal and buttocks areas" (¶ 15); "made comments that he was the sensors that picked up [the plaintiff's] body, ... used intimidating sexual [sic] explicit gestures with body language that if [she] had accepted his sexual advances, he would have acted favorably toward [her] deliberately conveying an abuse of legal authority and procedure, as well as retaliated [against the plaintiff] for not welcoming his sexual advances by making fun of [her] religion and socioeconomic status inflicting

3

harm" (¶ 16).

In Count One of her Amended Complaint, the plaintiff asserts a claim for sexual harassment against Judge Patrick. She also brings a claim for "careless training and supervision" of Judge Patrick by defendants City of Vicksburg and Warren County (hereafter "the municipal defendants"), and defendant Warren County Circuit Court. (Amended Complaint, ¶¶ 19-23).

In Count Two, the plaintiff asserts a claim for racial discrimination against all defendants. (¶¶ 24-28).

In Count Three, the plaintiff brings a claim against all defendants for intentional infliction of emotional distress, and against the municipal defendants and Warren County Circuit Court for "careless training and supervision" of Judge Patrick. (¶¶ 29-35).

Count Four alleges extreme and outrageous conduct on the part of all defendants and seeks punitive damages. (¶¶ 36-37).

The Court first addresses the claims against Warren County Circuit Court and Judge Patrick in his official capacity. Sovereign immunity, available to the State of Mississippi, is also available to an arm of the state such as the Warren County Circuit Court "regardless of the nature of the relief sought." Alicea v. Grenada County, 1997 WL 206767, *8 (N.D. Miss. March 6, 1997)(quoting Pennhurst State School v. Halderman, 465 U.S. 89, 100 (1984)). "In addition, the Supreme Court of the United States has

held that Congress did not intend for § 1983 to overcome the sovereign immunity of states embodied in the Eleventh Amendment and therefore states and their arms are not 'persons' who can be held liable under § 1983." Id. (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)).

Since the Warren County Circuit Court functions as part of the state court system, it is an "arm of the state" and the plaintiff's claims against it are barred by the Eleventh Amendment. Id. (citing Moity v. Louisiana State Bar Assoc., 414 F.Supp. 180, 182 (E.D. La.), aff'd. without opinion, 537 F.2d 1141 (5th Cir. 1976); Harris v. Louisiana Supreme Court, 334 F.Supp. 1289 (E.D. La. 1971)). Judge Patrick in his official capacity is also entitled to Eleventh Amendment immunity, since "a suit against a governmental employee in their official capacity is 'no different from a suit against the State itself.'" Ellis v. Mississippi Dept. of Health, 2008 WL 2007153, *6 (N.D. Miss. May 8, 2008)(quoting Will, 491 U.S. at 71).

The Court next addresses the plaintiff's claims against the municipal defendants. In order to state a claim against municipalities such as the City of Vicksburg and Warren County, the plaintiff must show that she suffered injury caused by (1) "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers," or (2) "a persistent widespread practice of city [or

5

county] officials or employees, which ... is so common and well settled as to constitute a custom that fairly represents municipal policy." Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984)(see also Monell v. Dep't of Social Servs., 436 U.S. 658 (1978)).

Davis's theory of liability against the municipal defendants is that they "carelessly" trained and supervised Judge Patrick. She fails to show, however, that either the City of Vicksburg or Warren County have any supervisory authority over a State Circuit Court judge. Furthermore, there is no concept of "strict supervisor liability" under § 1983. Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996). "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)(holding that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act"). Inasmuch as Davis does not show any violation of a federal law or constitutional right on the part of the municipal defendants, the claims against them must be dismissed.

Finally, the Court addresses the plaintiff's claims against Judge Patrick in his individual capacity. The case law is well established that a judge enjoys absolute immunity from damages when performing his official duties. See Stump v. Sparkman, 435 U.S.

349 (1978). The United States Supreme Court has stated that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." Mitchell v. Forsyth, 472 U.S. 511, 525 (1985); see also Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Because absolute immunity is properly viewed as "immunity from suit rather than a mere defense to liability," Mitchell, 472 U.S. at 526, it is appropriate for the district courts to resolve the question of absolute immunity as quickly as possible.

Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit has developed a four factor test to be used in determining whether a judge was acting within the scope of his judicial capacity: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly

7

out of a visit to the judge in his official capacity." Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005).

Judicial immunity applies to "a function normally performed by a judge." Mireles, 502 U.S. at 12. "Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). Thus, the plaintiff's allegations that Judge Patrick required her to stand for long periods of time, and to walk a greater distance to the microphone than other litigants, invoke Judge Patrick's judicial immunity since they involve the judge's exercise of control over his courtroom. These claims will therefore be dismissed with prejudice.

On the other hand, "whenever an action taken by a judge is not an adjudication between parties, it is less likely that the action will be deemed judicial." Barnes v. Winchell, 105 F.3d 1111, 1116 (6th Cir. 1997)(citing Cameron v. Seitz, 38 F.3d 264, 271 (6th Cir. 1994)). Allegations of sexual harassment do not invoke the judge's immunity because they do not constitute "judicial acts." "Yielding to an unruly libido is not the exercise of judicial power, or somehow like or related to the performance of judicial duties." Archie v. Lanier, 95 F.3d 438, 444 (6th Cir. 1996)(Merritt, C.J., concurring); Combier v. New York, 2010 WL 3785130, *10 (S.D. N.Y. Aug. 25, 2010)(allegations that judge paid an attorney to harass a

litigant "plainly would fall outside what might ordinarily be considered a judicial task").

In any event, regardless of whether Judge Patrick is entitled to judicial immunity, the plaintiff has failed to state a legally sufficient federal claim against him. To state a claim for relief under § 1983, Davis must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. The "under color of state law" requirement of § 1983, like the state-action requirement of the Fourteenth Amendment, excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful.'" Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).

Rudeness does not rise to the level of a constitutional violation. See Cuoco v. Moritsugu, 222 F.3d 99, 109 (2nd Cir. 2000); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)(verbal harassment is not a deprivation of rights under § 1983); Ramos v. Artuz, 2003 WL 342347, *11 (S.D. N.Y. Feb. 14, 2003)(allegations of verbal abuse or harassment fail to state a federal claim); Nelson v. Durben, 2013 WL 1932106, *1 (N.D. Tex. April 3, 2013)(although threats of a sexual nature are to be deplored, mere threatening language and gestures, even if true, do not amount to constitutional violations). While the facts alleged by the plaintiff might violate state law, they do not establish a

legally sufficient federal claim. See Christensen v. Schwarzenegger, 2011 WL 996784, *3 (E.D. Cal. March 17, 2011)("Plaintiff's allegations of sexual harassment may be sufficient to support a tort claim filed in state court but they do not rise to the level of a constitutional violation actionable under Section 1983 in federal court.").

Davis, in her Amended Complaint and in her Objections to the Report and Recommendation, does assert that she is bringing a claim for racial discrimination. Amended Complaint, ¶ 25 ("Plaintiff has been discriminated against on the basis of her race."); Objections to Report and Recommendation, p. 5. It is clear, however, that the facts on which the plaintiff relies for her racial discrimination claim all involve sexual harassment. See Amended Complaint, ¶ 26 ("Plaintiff has suffered adverse court action as a result of not complying with the Defendants['] sexual efforts to become intimate."). In her Objections to Report and Recommendation, the plaintiff asserts a right "to be free from an inequitable, sexually hostile and brutal court decorum," and concludes that the plaintiff's "sexual harassment retaliation assertion ... would fall within the dissimilary [sic] and/or inequitable treatment of individuals upon the basis of race, color or national origin under 42 U.S.C. § 2000d and section (1) one of the Fourteenth Amendment." Objections, p. 7. She further asserts that the defendants' "intentional failure to prevent and/or remedy sexual harassment

through adequate supervision ... subjected Plaintiff to race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and its implementing regulations." Id.

Davis's Amended Complaint contains no factual allegations of racial discrimination, harassment, discriminatory intent or retaliation.  At most, the complaint suggests that the plaintiff believes the defendants were motivated by racial animus.  "Such evidence simply does not suffice to establish a persistent, widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." Erves v. City of Dallas, 2004 WL 904122, *4 (N.D. Tex. April 27, 2004)(citing Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983)("a subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief.")).  The plaintiff's racial discrimination claim shall therefore be dismissed with prejudice.

The plaintiff also asserts a state law claim for intentional infliction of emotional distress.  Although not contained in the plaintiff's Amended Complaint, there is a statement by the plaintiff in her original Complaint that she sent notice of her claim pursuant to the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-11.  Complaint, ¶ 9 and n.9.  The MTCA provides that [a]n employee may be joined in an action against a

governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2).

Magistrate Judge Parker found that all claims against Judge Patrick should be dismissed as being barred by the doctrine of judicial immunity. Report and Recommendation, p. 7. However, as this Court has previously noted, it can be argued that some of Davis's claims against Judge Patrick do not invoke the judge's immunity because they allege acts that do not constitute "judicial acts." Likewise, it can be argued that Davis's state law claims allege acts which did not occur within the course and scope of Judge Patrick's duties.

Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." A district court "is afforded discretion to decline supplemental jurisdiction over such state law claims that do not impart the Court with original jurisdiction." Kimbriel v. City of Greenville, Miss., 2015 WL 3673517, *3 (N.D. Miss. June 12, 2015); see also Catanzaro v. Collins, 2010 WL 1754765, *10 (M.D. Pa. April 27, 2010)(declining to exercise supplemental jurisdiction over plaintiff's claims for intentional infliction of

emotional distress).

The Fifth Circuit has set forth several statutory and common law factors to apply when deciding whether to exercise supplemental jurisdiction.  Enochs v. Lampasas County, 641 F.3d 155, 159 (5th Cir. 2011).  The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." Id. (citing 28 U.S.C. § 1367(c)).  In Kimbriel, Judge Aycock recognized that whether a state government employee's conduct occurred within the course and scope of her employment presents "difficult state law issues under the MTCA." 2015 WL 3673517, *3.  Factors (2) and (3) "also weigh against jurisdiction here because the federal claims have been dismissed, leaving the state claims to predominate." Id. (citing Enochs, 641 F.3d at 159).  As for factor (4), the Court finds no exceptional circumstances or other compelling reasons for declining jurisdiction.

In addition, there are four common law factors: "judicial economy, convenience, fairness, and comity." Enochs, 641 F.3d at 159 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  Regarding judicial economy, the Fifth Circuit has held that district courts should not decline jurisdiction if a

13

significant amount of judicial resources have already been expended. <u>Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.</u>, 554 F.3d 595, 602, 603 (5th Cir. 2009). Here, significant judicial resources have not been expended, since this case has not proceeded past the initial screening imposed by Title 28 U.S.C. § 1915. As for convenience, the relevant events took place in Vicksburg, Mississippi, and the parties reside in Vicksburg and/or Warren County, which provide a more convenient venue. <u>See</u> <u>Enochs</u>, 641 F.3d at 160 (finding it "more convenient" for the case to be heard in a Texas county's state court "where all of the parties, witnesses, and evidence were located"). As to the third common law factor, the Fifth Circuit has held it to be "fair" for state claims to be resolved in state court, as will be the case here if Davis's claims are dismissed and subsequently re-filed. <u>Id</u>. Finally, because only state law disputes remain, the "important interests of federalism and comity" also favor remand. <u>Parker & Parsley Petroleum Co. v. Dresser Indus.</u>, 972 F.2d 580, 588 (5th Cir.1992).

> The federal courts are courts of limited jurisdiction, <u>Aldinger v. Howard</u>, 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976), and often are not as well equipped for determinations of state law as are state courts.  Aside from the state courts' superior familiarity with their respective jurisdictions' law, the federal courts' construction of state law can be uncertain and ephemeral." <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 122 n. 32, 104 S.Ct. 900, 920 n. 32, 79 L.Ed.2d 67 (1984).  "[F]ederal courts are not the authorized expositors of state law; there is no mechanism by which their errors in such matters can be corrected on appeal by state courts." Herbert Wechsler, Federal Jurisdiction and the Revision of the Judicial

>   Code, 13 Law & Contemp. Prob. 216, 232 (1948)(cited in [United Mine Workers v. Gibbs, 383 U.S. 715, 726 n. 15, 86 S.Ct. 1130, 1139 n. 15 (1966)] and quoted in [Financial Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 776 (D.C. Cir. 1982)]. See United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 135, 82 S.Ct. 676, 677, 7 L.Ed.2d 623 (1962)(per curiam)(state court defines authoritative meaning of state law).

Id. at 588-89. Furthermore, in the Eleventh Amendment context, the Supreme Court has stated that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." Pennhurst, 465 U.S. at 106.

The Court finds that both the statutory factors and the common law factors disfavor the exercise of supplemental jurisdiction in this case. Therefore, the Court adopts Judge Parker's Report and Recommendation, but modifies it by declining to exercise supplemental jurisdiction over the plaintiff's state law claims, which shall be dismissed without prejudice.[1] The Court also notes that the Mississippi Supreme Court has held, in circumstances such as this, that the running of the statute of limitations is tolled during the pendency of a case in federal court. Boston v. Hartford Acc. & Indem. Co., 822 So.2d 239, 248 (Miss. 2002)(overruled on

---

[1] A Report and Recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

other grounds); Norman v. Bucklew, 684 So.2d 1246, 1256 (Miss. 1996).

The Court further notes that the State of Mississippi has adopted Canons of Judicial Conduct, enforced by the Mississippi Commission on Judicial Performance, which has the power to determine if a judge has violated the canons and to make recommendations to the Mississippi Supreme Court.  "If someone believes a judge has acted either contrary to or in excess of his authority, the primary remedy is to file a complaint with the Mississippi Commission on Judicial Performance." Sowers v. Darby, 2009 WL 742730, *6 (N.D. Miss. March 17, 2009)(citing Vinson v. Prather, 879 So.2d 1053, 1057 (Miss. Ct. App. 2004); Miss. Comm'n on Judicial Performance v. Russell, 691 So.2d 929, 947 (Miss. 1997)).  Canon 3B states, in relevant part: "A judge shall refrain from speech, gestures or other conduct that could reasonably be perceived as sexual harassment and shall require the same standard of conduct of others subject to the judge's direction and control." Code of Jud. Conduct, Canon 3B.

Being fully advised in the premises, the Court finds that the Report and Recommendation **(docket entry 8)** shall be adopted in part.  The Court finds that judgment shall be awarded to the defendants on all federal claims, which are hereby dismissed with prejudice.

The Court further finds that the Report and Recommendation

shall be modified in part. The Court declines to exercise supplemental jurisdiction over the state law claims, which are hereby dismissed without prejudice.

A separate Judgment shall be issued this date, pursuant to Fed.R.Civ.P. 58.

SO ORDERED, this the 13th day of July, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE