```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

**CHAKAKHAN R. DAVIS**                                          **PLAINTIFF**

VS.                              CIVIL ACTION NO: 3:13-cv-886-DCB-MTP

**CITY OF VICKSBURG, MISSISSIPPI; WARREN
COUNTY, MISSISSIPPI; WARREN COUNTY CIRCUIT
COURT, MISSISSIPPI; and ISSADORE W. PATRICK,
JR., individually**                                             **DEFENDANTS**

## ORDER DENYING RULE 60(b) MOTION

This cause is before the Court on Plaintiff's, Chakakhan R. Davis, Motion for Reconsideration **[docket entry no. 15]** and Motion for Extension of Time to File Appeal **[docket entry no. 16]**. Having considered the motions, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Procedural and Factual Background

Plaintiff Chakakhan R. Davis filed her complaint on June 25, 2013, alleging (1) quid pro quo sexual harassment, (2) attempted sexual blackmail or sexual assault, and (3) intentional infliction of emotional distress. On April 27, 2015, the Magistrate Judge entered a Report and Recommendation, recommending that the case be dismissed with prejudice. Davis objected. On July 13, 2015, the Court adopted the Report and Recommendation in part and modified the ruling to dismiss all of Davis's federal claims with prejudice

1

but to declining to exercise supplemental jurisdiction over her state law claims and dismissing them without prejudice. That same date, judgment was entered for the defendants. On August 18, 2015, Davis filed her current motions for the Court to reconsider its judgment and allow her additional time to appeal.

## II. Analysis

### A. Rule 60(b)

Davis brings a motion to reconsider under Federal Rule of Civil Procedure 60. Rule 60(b)[1] allows a court to "relieve a party . . . from a final judgment" for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rul 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Motions . . . to alter or amend a judgment . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." Simon v. U.S., 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v

---

[1] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)) (internal quotation marks omitted). "Motions to reconsider are not appropriate to raise arguments that could or should have been made previously or to re-urge matters that a court has already considered." Pro-Logistics Forwarding (pty) Ltd. v. Robison Tire Co., Inc., No. 2:13cv83, 2014 WL 1330960, at *1 (S.D. Miss. Apr. 2, 2014) (quoting Centre One v. Vonage Holdings Corp., No. 6:08cv467, 2010 WL 3257642, at *1 (E.D. Tex. Aug. 17, 2010)) (internal quotation marks omitted).

Davis argues that the Court's earlier decision should be vacated because (1) her complaint is "Clearly Not Frivolous Nor Fanciful"; (2) her complaint "Can Make Out An Rational Argument In *Law* Or Fact Against The Defendants"; and (3) "Not All Defendants Named In The Complaint Enjoy *Absolute Immunity*". Mot. Reconsider 3, 5, 6, ECF No. 15. The Court finds that all three of Davis's arguments in support of her motion to reconsider either have already been considered by the Court or should have been raised prior to the entry of judgment. The Court will therefore deny the motion to reconsider.

## B. Extension of Time

Davis brings a motion for extension of time to appeal under Federal Rule of Civil Procedure 6. Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that "[t]he district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by this Rule 4(a)

expires." Fed. R. App. P. 4(a)(5)(A). The Clerk's Office received Davis's motion on August 18th, only five days after her original notice of appeal would have been due; therefore the Court will grant the motion for extension of time. "[T]he extension is limited to no later than thirty days after the expiration of the applicable appeal period or fourteen days after the date the court's extension order is entered, whichever is later." U.S. v. Brown, 547 F. App'x 637, 642 (5th Cir. 2013) (per curiam) (citing Fed. R. App. P. 4(a)(5)(C)). Here, Davis's original appeal deadline ran on August 12, 2015, so that September 11, 2015 would be thirty days later. Therefore, the Court will extend the appeal deadline to September 16, 2015, fourteen days after the date of entry of this order.

### III. Order

IT IS HEREBY ORDERED THAT the Motion for Reconsideration is DENIED.

FURTHER ORDERED that the Motion for Extension of Time to File Appeal is GRANTED. The Notice of Appeal must be filed no later than September 16, 2015.

SO ORDERED this the 2nd day of September 2015.

s/David Bramlette
UNITED STATES DISTRICT JUDGE